JOSEPH COOPERSTEIN, as Administrator, etc., of LENA COOPER-STEIN, Deceased, Respondent, *v.* EDEN BRICK AND SUPPLY COMPANY, Appellant.

First Department, December 14, 1923.

**Motor vehicles — action for death of plaintiff's intestate who was killed by defendant's motor truck while crossing street between crossings — evidence shows contributory negligence precluding recovery.**

In an action to recover for the death of plaintiff's intestate who was killed by defendant's motor truck while she was crossing a street between crossings, the evidence shows that the defendant sustained the burden of establishing contributory negligence on the part of the intestate, and since the plaintiff failed to meet the defendant's testimony by producing any evidence to controvert it and to show that the intestate used reasonable care, the judgment in favor of the plaintiff must be reversed and the complaint dismissed.

APPEAL by the defendant, Eden Brick and Supply Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 22d day of March, 1923, upon the verdict of a jury for $5,500.

*Alfred R. Bunnell* of counsel, for the appellant.

*Thomas J. O'Neill* [*Benjamin W. Moore* of counsel; *Leonard F. Fish* with him on the brief], for the respondent.

DOWLING, J.:

On June 29, 1920, plaintiff's intestate was crossing from the north to the south side of Claremont Parkway about twenty feet east of the curb line of Washington avenue in the city of New York. She was about ten feet out in the street from the southerly curb crossing, when she was struck by the left front wheel of defendant's automobile truck, which passed over her body and inflicted injuries from which she died shortly thereafter.

Assuming that defendant's negligence was sufficiently proved, the verdict herein cannot stand, for the reason that not only is there no proof of the intestate's freedom from contributory negligence, but what proof there is in the record would support a finding that she herself had been guilty of negligence contributing to the accident.

The evidence of plaintiff's witness, Ida Monstein, on this point, given on cross-examination, was as follows: " Q. Then the woman was just a short distance from you on the curb? A. Yes, sir. Q. And the truck was coming down? A. Yes, sir. Q. Then she stepped off the curb? A. Yes, sir. Q. And then she was

hit? A. Yes, sir. Q. Did you see her look around at all? A. No; she never looked around."

The other eye witness to the accident called by plaintiff, Ida Gelfand, gave no testimony whatever as to what intestate did when she started to cross the street.

The chauffeur of the truck in question testified that he first saw the deceased when she was twenty feet away from him, about the middle of the street, crossing from the south to the north side; that she turned around and he blew his horn, but she continued in front of the truck and had practically passed in front of it, when she turned around to go back again and she was hit. On cross-examination he reasserted that she " walked back in front of my car." In this testimony he was corroborated by Percy Crump, who was on the truck with him at the time.

The defendant pleaded as a defense the contributory negligence of intestate. Of course, the burden of establishing that defense was upon it. (Code Civ. Proc. § 841-b, as added by Laws of 1913, chap. 228; Civ. Prac. Act, § 265; Decedent Estate Law, § 131, as added by Laws of 1920, chap. 919.) But upon the record it sustained that burden, and the plaintiff failed to meet the defendant's testimony by producing any evidence to controvert it and to show that intestate used reasonable care, or in fact any care whatever, in crossing the street, which she was doing at a point between crossings.

The judgment appealed from should, therefore, be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., SMITH, MERRELL and McAVOY, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.